## HOWARD v. COHEN et al.
### No. 16095.

Court of Appeal of Louisiana. Orleans.
Oct. 21, 1935.

John A. Woodville, of New Orleans, for Howard.

Lemle, Moreno & Lemle, of New Orleans, for Cohen and others.

WESTERFIELD, Judge.

This is a suit for damages for physical injuries sustained by a tenant and brought against the owners of the rented property in which it is alleged that the tenant's injuries were due to defects in the leased premises. The amount claimed in the petition is $2,650.

There was an admission of liability on the part of the defendants and the sole issue in the case, which was tried before a jury, was the question of the amount of damages due plaintiff as a result of her injuries. The jury awarded her $450, and, from a judgment based upon the verdict of the jury, both parties have appealed to this court.

Plaintiff, a young negress 23 years of age, alleges that on the 13th of June, 1934, while she was walking on the back porch of the defendants' premises, it gave way under her weight, causing her to fall through the floor, as a result of which she sustained "a possible fracture of the spine, a sprained back, general contusions to her body, and a sprained right shoulder and arm; also a severe nervous shock." She testified that her injuries were very painful; that she was confined to her bed for 23 days, after having had her back strapped with adhesive tape at the Charity Hospital. Previous to her injuries she had been employed as a night maid at the Charity Hospital. She was. attended by Dr. Julian Lombard, who rendered a bill for his services in the sum of $150. Dr. Lombard described her injuries as serious and painful, and stated that at the time of the trial, February 13, 1935, she had not recovered and still had fever, complained of pain in the legs and back, and was unable to resume her occupation.

Dr. Edward S. Hatch, Dr. J. C. Rodick, and Dr. Nathan H. Polmer examined plaintiff on behalf of defendants, the latter being the husband of one of the defendants. They caused X-rays to be made of her back, but no evidence of injury to her

spine, or any reason for partial disability, was discovered. All of the physicians, Dr. Lombard included, are agreed that there was no fracture of the spine.

The bill rendered plaintiff by Dr. Lombard appears to have included medical services in the treatment of plaintiff unrelated to the injuries she received as a result of the accident. For example, on one occasion, he treated her for cervicitis, or an inflammation of the neck of the womb, which ailment, admittedly, had no connection with the accident.

In view of the medical testimony, we are of opinion that plaintiff's injuries were not of a serious nature, but she must have suffered pain and inconvenience and was put to some expense for medical treatment. We believe the award of the jury was substantially correct, and that it should not be disturbed.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.